THIS ORDER IS APPROVED.

Dated: August 4, 2020

Brenda Moody Whinery, Chief Bankruptcy Judge
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| MARY LOUISE DUARTE, | Case No. 4:19-bk-11042-BMW |
| Debtor. | **RULING AND ORDER RE: SECOND AND SUPPLEMENTAL FEE APPLICATION (DKT. 22)** |

This matter came before the Court pursuant to the *Second and Supplemental Fee Application*[1] (the "Fee Application") (Dkt. 22) filed by Douglas B. Price of the Law Offices of Douglas B. Price, P.C. ("Price") on December 10, 2019; the *Trustee's Objection to Application for Attorney's Fees (Doc 22)* (the "Objection") (Dkt. 25) filed by Dianne C. Kerns, the Chapter 13 Trustee (the "Trustee"), on December 31, 2019; the *Response to Trustee's Objection to Application for Attorney's Fees* (the "Response") (Dkt. 27) filed by Price on March 2, 2020; and all filings related thereto.

The Court held a hearing on the Fee Application on May 12, 2020, at which time the parties rested on their pleadings and agreed to allow the Court to determine the reasonableness of the fees without taking evidence. At the conclusion of the hearing, the Court invited the Trustee to supplement her Objection if she wished to request a specific fee reduction. The Trustee elected not to supplement her Objection.

Based upon the pleadings, arguments of counsel, and entire record before the Court, the

---

[1] Although titled a second and supplemental fee application, this is the only fee application that has been filed in this case.

Court now issues its ruling.

**I.      Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b). This matter concerns the administration of the estate and is therefore a core proceeding pursuant to 28 U.S.C. § 157(b)(3)(A).

**II.     Facts & Procedural Background**

This case was commenced on August 29, 2019 (the "Petition Date"), when Mary Louise Duarte (the "Debtor") filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code. Price represented the Debtor pre-petition, and has continued to represent her since the commencement of this case.

According to the *Disclosure of Compensation of Attorney for Debtor(s)* (the "Disclosure of Compensation") (Dkt. 1 at 62), Price received a $2,100 retainer and agreed to charge $380 per hour for attorney time[2] and $190 per hour for paralegal time for services rendered in representing the Debtor.

In the plan filed with the Court on the Petition Date, Price estimated that his fees would total $9,000. (Dkt. 2 at 2). A confirmation order has not yet been entered in this case, but the parties represented to the Court at the hearing on the Fee Application that this is the only issue holding up confirmation of the plan.

The Fee Application covers the period of time between August 8, 2019 and December 10, 2019. At the hearing on the Fee Application, Price represented to the Court that he would not be requesting any additional fees in this case.

Based on a review of the docket, during the pertinent period of time, Price prepared and filed required documents, amended certain of those required documents, filed one plan, and responded to the Trustee's plan objection/evaluation. There were no contested matters pending during the pertinent time period.

---

[2] In one area of the Disclosure of Compensation, Price states that he agreed to bill at a rate of $390 per hour for attorney time, and in another area of the Disclosure of Compensation, Price states that he agreed to bill at a rate of $380 per hour for attorney time. (Dkt. 1 at 62). Price clarified in his Response that his attorney rate is $380 per hour. (Dkt. 27).

In the Fee Application, Price seeks $9,766 in attorney fees and $4,617 in paralegal fees, plus $100 in costs, for a total award of $14,483. Price has agreed to a fee reduction of $1,901.60, for a total award of $12,581.40, with $10,481.40 to be paid through the plan.[3]

The Trustee has objected to the Fee Application on reasonableness grounds. Additionally, the Trustee notes that Price originally estimated that his fees in this case would be $9,000, which is two times the presumptive flat fee in this District, and that Price is now seeking significantly more than his initial estimate. The Trustee asserts that this was a basic case that involved little more than two secured claims and a calculation of disposable income to be paid to general unsecured creditors. The Trustee objects to the time expended on several matters and to the payment of professional fees for matters that appear clerical in nature. The Trustee asks the Court to reduce Price's fees in an unspecified amount.

Price maintains that after deducting his voluntary reduction, the remaining fees and costs were necessary and are reasonable.

**III.     Legal Analysis & Conclusions of Law**

Pursuant to § 330(a)(4)(B):[4]

> In a . . . chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

In determining the amount of reasonable compensation to award to a professional person, the Court must "consider the nature, the extent, and the value of such services, taking into account all relevant factors," which factors include:

/ / /

/ / /

---

[3] The amounts set forth in the Response by which Price has agreed to reduce his fees do not align with the reduced fee award requested by Price. The Court is relying on the final requested fee amount of $10,481.40 to determine the amount of Price's voluntary reduction.

[4] Unless otherwise indicated, statutory references are to the Bankruptcy Code, title 11 of the United States Code.

    (A) the time spent on such services;
    (B) the rates charged for such services;
    (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
    (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
    (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankuptcy field; and
    (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

  The party seeking fees has the burden of establishing that it is entitled to such fees. *In re Roderick Timber Co.*, 185 B.R. 601, 606 (B.A.P. 9th Cir. 1995).

  "[A]ttorneys applying to a court for attorneys' fees should exercise good billing judgment by making 'a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . .'" *In re Thomas*, No. BAP.CC-08-1307-HMOPA, 2009 WL 7751299, at *4 (B.A.P. 9th Cir. July 6, 2009), *aff'd,* 474 F. App'x 500 (9th Cir. 2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939-40, 76 L. Ed. 2d 40 (1983)). An applicant cannot be compensated for unnecessary duplicative services or clerical work. 11 U.S.C. § 330(a)(4)(A)(i); *Matter of Rauch*, 110 B.R. 467, 477 (Bankr. E.D. Cal. 1990); *see also In re U.S. Trustee*, 32 F.3d 1370, 1377 (9th Cir. 1994). Generally speaking, "typing, data entry, checking court dockets, manually assembling, collating, marking, processing, photocopying, mailing, compiling, organizing in numerical or alphabetical order, updating a database, numbering, printing, preparing packages for service, [and] similar tasks" are clerical in nature. *In re Schneider*, No. 06-50441 MM, 2007 WL 2688812, at *4 (Bankr. N.D. Cal. Sept. 13, 2007).

  When evaluating a fee application, the Court must evaluate the necessity of each service and the time spent on each task. *In re Thomas*, 2009 WL 7751299, at *5. When services are

lumped together, the Court cannot evaluate the necessity of services or the time spent on tasks, and such lumped billing "may allow counsel to claim compensation for minor tasks, which would not be compensable if reported separately." *Id.* Thus, the lumping of services into a single billing entry is "universally disapproved by bankruptcy courts." *Id.* "[R]educing fees is a recognized remedy when services have been lumped together." *Id.* at *6.

Further, counsel in chapter 13 proceedings are subject to the U.S. Trustee guidelines regarding fee applications, which reflect standards and procedures for awarding compensation to professionals (the "Guidelines"). *See* 28 C.F.R. Part 58, Appendix A. The Guidelines set forth certain information that is to be included in fee applications, which facilitates review of fee applications by the Court and other interested parties. Specifically, the Guidelines require fee applications to provide detailed time entries arranged by project categories and to keep time entries contemporaneously with the services rendered in time periods of tenths of an hour. Additionally, as made clear in the Guidelines, services are to be detailed and not combined or "lumped" together. 28 C.F.R. Part 58, Appendix A at (b)(4)(C)(v).

In this case, counsel has made no attempt to comply with the Guidelines, making the Fee Application difficult to analyze, especially with respect to the lumped time entries in counsel's billing statements, and with respect to analysis of potentially duplicative time spend by counsel and his paralegal.

The Court has reviewed the Fee Application and corresponding time entries and finds that Price's hourly attorney and paralegal rates are reasonable. However, the Court does not find all time billed for work in this relatively simple chapter 13 case to be reasonable.

Price billed $2,204 representing 5 hours and 48 minutes of attorney time pertaining to pre-petition consultations and the initial preparation of certain of the required chapter 13 documents. The Court finds the time billed for these tasks to be unreasonable. The Court finds that a reduction of $1,102, representing 2 hours and 54 minutes, i.e. half of the time billed for these tasks, is warranted.

Additionally, Price billed $1,026 representing 2 hours and 42 minutes of attorney time related to his travel to, meeting with his client in preparation for, and attendance at the § 341

meeting, but Price acknowledges that he did not actually represent the Debtor during the § 341 meeting because he was on a phone call when the meeting took place. (Dkt. 22, Ex. 1 at 2). The Court finds that under the circumstances none of these fees are compensable.

Further, Price billed in excess of 14 hours for services, specifically more than 4 hours at the attorney rate and more than 10 hours at the paralegal rate, pertaining to preparation of the stipulated order of confirmation. As an initial note, a stipulated order of confirmation has not yet been submitted to the Court in this case. Further, based on the Court's, and the Trustee's, review of the case, this was a relatively straightforward chapter 13 case. The Court finds that the time billed for preparation of the stipulated order of confirmation is not reasonable. The Court finds that a reduction of $380, representing 1 hour at the attorney rate, plus $1,330, representing 7 hours at the paralegal rate, is warranted.

Price also billed 2 hours at the attorney rate and 4 hours at the paralegal rate, for a total of $1,520, for work done to prepare and file the relatively standard Fee Application. The Court finds the time billed for this work to be excessive. As such, the Court finds a reduction of $380, representing 1 hour at the attorney rate, plus $570, representing 3 hours at the paralegal rate, to be warranted.

Further, as noted above, the Fee Application includes numerous lumped billing entries.[5] The Court is left with no way to evaluate whether the individual tasks that have been lumped together were performed in a timely manner. A reduction on that basis alone is warranted, and in this case the Court finds an additional reduction equal to 15% of the total fee award, after all of the above deductions have been made, to be appropriate, especially given that the Court previously reduced Price's fees for this exact billing practice in a different chapter 13 case,

---

[5] For example, a September 24, 2019 entry bills 1 hour and 12 minutes at the paralegal rate for "[P]reparation of chapter 13 response to Trustee's Questionnaire. Reviewed the responses by Debtor, printed out both tax returns and redacted each page, reviewed evidences of current monthly income(s), Noted absence of business operating statements but reasoned that the attached documentation re CMI with CGA was adequate information, put it all together and scanned. Reviewed and scanned documents to confirm no appearance of first 5 digits of soc. sec. nos. or the name of the child. Noted that the dependent is labeled "parent" in tax returns but will wait to see if that is an issue."

This entry lumps no fewer than five tasks together, and a number of the tasks that are lumped into this entry are clerical in nature and therefore not compensable.

thereby putting him on notice of the deficiencies in his billing practices.[6] *See In re Thomas*, 2009 WL 7751299, at *6.

Price has agreed to a voluntary reduction of $1,901.60. However, it is the determination of the Court that, based upon the foregoing, a further reduction of $5,942.01 is warranted.

Wherefore, based upon the foregoing upon, consideration of the entire record, and for good cause shown;

**IT IS HEREBY ORDERED** sustaining the Trustee's Objection.

**IT IS HEREBY ORDERED** approving the Fee Application in the reduced amount of $6,539.39, together with costs in the amount of $100.00. Approved fees are to be paid first from the application of the $2,100 retainer with the balance to be paid through a confirmed plan.

**DATED AND SIGNED ABOVE.**

---

[6] See Dkt. 82 in case number 2:18-bk-00518-BMW.